KALSO *v.* WILSON.

SAME *v.* SAME.

MOTOR VEHICLES—NEGLIGENCE—DIRECTED VERDICT.

> Where automobile driver was compelled to apply his brakes by another car cutting in sharply ahead of him, resulting in his car sliding on slippery street into telephone pole, he was not guilty of negligence rendering him liable for injuries to guests riding with him in absence of testimony that he was driving at excessive speed or that he did not have his car under control.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted October 30, 1930. (Docket Nos. 82, 83, Calendar Nos. 35,190, 35,191.) Decided December 2, 1930.

Separate actions of case by Anna Kalso and Louis Kalso against Samuel R. Wilson for personal injuries sustained in an automobile accident. From judgments for defendant, plaintiffs bring error. Affirmed.

*Behr & Coolidge,* for plaintiffs.

*Payne & Payne,* for defendant.

POTTER, J. Plaintiffs in these cases, both of which arise out of the same accident, were riding with defendant as his guests at the time they were injured. Plaintiffs count on defendant's negligence in driving at an excessive rate of speed, not having his car under control, not having proper brakes, not keeping the brakes in proper repair, and in not having proper headlights. No proof was submitted that defendant did not have proper brakes, that the brakes were not in proper repair, or that he did not have proper headlights. The sole proposition upon which it was attempted to introduce any testimony was that he was driving at an excessive rate of speed and did not have his car under control. At the conclusion of the testimony the trial court directed a verdict for defendant and plaintiffs bring error.

The undisputed testimony shows plaintiffs accompanied defendant and his wife on a pleasure ride, and coming home at night the street, though lighted, was slippery. A car was coming toward defendant. Another car was coming behind him. The car from behind went by close to defendant and cut in ahead

of him sharply in order to avoid a collision with an on-coming car. Defendant was compelled to cut down the speed of his car and applied the brakes, and the car slid off the traveled portion of the highway, striking a telephone pole, causing the injuries of plaintiffs. There is no testimony defendant was driving at an excessive rate of speed; that he did not have his car under control, but the proof shows that, being confronted with a sudden emergency by the car cutting in ahead of him, he applied the brakes, and, as a result of the condition of the street, the car slid against the telephone pole. Under such circumstances there is no proof defendant did not use due care, and the judgment of the trial court is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.